UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

JAMES DOW VANDIVERE
Real Party in Interest
In Pro Se Plaintiff,

v.

PAM BONDI
United States Attorney General,
Defendant

Case: 1:25-cv-04446
Assigned To : Unassigned
Assign. Date : 11/24/2025
Description: Pro Se Gen. Civil (F-DECK)

COMPAINT CHALLENGING CONSTITUTIONALITY OF FEDERAL STATUTE

Jurisdiction of the Court will be found at
Fed. R. Civ. P. 28 USC 1331

## COMPLAINT

## OPENING

Art. 1, §9, clause 3 of the United States Constitution states: "No bill of attainder or ex post facto law shall be granted by the United States."

> A Bill of Attainder a.k.a Bill of Pains and Penalties is defined as "a Law in an unconstitutional Bill of Attainder if it legislatively determines guilt and inflicts punishment upon an identifiable individual [or group] without provisions of the protections of a judicial trial."

*Nixon*, 433 US 425, 468 (1977).

The three requirements to violate the Bill of Attainder clause are: 1) Specification of the affected person or group; 2) Punishment; and 3) Lack of Judicial trial. Section 4248, *et seq.*, of the Adam Walsh Act for Civil Commitment ("Act") meets all three of these requirements, thus it is unconstitutional.

1. Specification of the affected person

Argument

Congress "limited the scope of Section 4248 to ***sexually dangerous persons within the Bureau of Prisons ("BOP") custody***" based on Congress' limited "police power" and federal interest in protecting the public from

"reasonably foreseeable harm" from such persons. *US v. Timms*, 664 F.3d 436, 2012 U.S. App. LEXIS 381 (4th Cir. 2012).

Specification/identifiable individual [or group] shown where emphasized. Candidates for the Act are any male in the custody of the BOP, who have some sort of conduct, sexual in nature, in their past. The conduct does not necessarily have to involve a child- adults are also included. The conduct does not require criminal conviction. Accusations alone are enough to qualify under Section 4248. The conduct can be decades old- it does not matter.

2. Punishment

Argument

Possible candidates for the Act have completed their criminal sentences; however, their release is stayed until they can have a hearing. They are held in the same penal institution until the hearing. The average wait time until the hearing is 6 to 9 months. Average wait time for the court's decision is also 6 to 9 months. The result is the person is kept in the penal institution where he served his criminal sentence. The only difference is where he is housed. Same Reg. No., rules, uniform, meals, etc. Thus, continued punishment for that time. If the court finds him sexually dangerous, the individual is civilly committed

***indefinitely*** in the same penal institution and treated the same as inmates serving criminal sentences.

Simply put, erroneous loss of liberty whether civil or criminal is punishment. Punishment element is shown.

3. Lack of Judicial Trial

Argument

It is well-established that federal courts are courts of limited jurisdiction and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Kokkonen*, 511 U.S. 375, 377 (1994).

"Without jurisdiction a court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining *in every federal case* is announcing the fact and dismissing the cause." *Ex Parte McCardle*, 74 U.S. 506, 514 (1868).

The party invoking federal jurisdiction bears the burden of establishing the three elements of standing. *FW/PBS*, 493 U.S. 215, 231 (1990); *See also*, *Warth*, 422 U.S. 490, 508 (1975).

"Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First and foremost, the plaintiff **must have suffered 'an injury in fact.'** [ ] which is (a)

concrete and particularized;" *Warth*, 422 U.S. 490, 508 (1975); *Sierra Club*, 405 U.S. 727, 740-741, n. 16 (1972); and *Steel Co.*, 523 U.S. 83, 103 (1998); and (b) "actual or imminent, not ***conjectural*** or ***hypothetical***." *Lujan*, 504 U.S. 555, 560 (quoting *Los Angeles*, 461 U.S. 95, 102).

A claim of standing is not ripe for adjudication if it rests upon contingent future events that may or may not ever take place. *Texas*, 523 U.S. 296, 300 (1998); *PG&E Co.*, 461 U.S. 190, 199-201. Congress may not simply enact an injury into existence using its lawmaking power to transform something that is not remotely harmful into something that is. *Spokeo*, 578 U.S. at 341.

The United States Supreme Court held in *Marbury v. Madison*, 5 U.S. 137 (1803), that "we cannot treat an injury as 'concrete' for Art. III purposes based on Congress' say-so." "A plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a person a right." *Raines*, 521 U.S. 811, 818-820, n. 3.

"Statutory standing alone does not confer Art. III standing." *TransUnion*, 141 S.Ct. at 2204; *See also*, *Spokeo*, 578 U.S. 339, 341. "A court's jurisdiction has long turned on the facts as they are when a plaintiff sues, not on later-in-time facts." *See Grupo Dataflux*, 541 US 567, 570-71. So a plaintiff who lacks

standing from the start cannot rely on factual changes during the suit [litigation] to establish it." *See Lujan*, 504 U.S. at 569, n. 4.

"Plaintiff must have standing at the outset of the litigation." *Friends of Earth*, 528 US 167, 180. Why? "Because a failure of the plaintiff's standing is a failure of the court's subject-matter jurisdiction." *See Steel Co.*, 523 US at 102-104. "In no event [...] may Congress abrogate the Art. III minima." *Gladstone, Realtors*, 441 US 91, 100.

"It was emphasized in *Salerna* that detention we found constitutionally permissible was strictly limited in duration." *Salerno*, 481 US at 747; *See also, Schall*, 467 US at 269.

Standing is "an essential and unchanging part of the case-or-controversy ***requirement of Art. III***." *Lujan*, 504 US at 560. Art. III of the Constitution limits federal courts' jurisdiction to certain "cases and controversies." "As we have explained, no principle is more fundamental to the judiciary's proper role in our system of government that the Constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Daimler Chrysler Corp.*, 547 US 332, 341. "Absent such a showing, exercise of its power by a federal court would be gratuitous and thus inconsistent with the Art. III limitation." *Simon, supra* at 38, 96 S. Ct. 1917.

"It is clear that commitment for any purpose constitutes a significant deprivation of liberty that demands Due Process protections." *Jones*, 463 US 354, 361 (1983).

CONCLUSION

A review of the Government's opening pleading [Exhibit A] is clearly VOID of any claim of de facto injury, a jurisdictional statement, or federal question required in a properly pleaded brief. Thus, Plaintiff is/was in want of Art. III standing to invoke a federal court's Art. III jurisdiction to hear the action. *See Davis*, 856 US at 650.

This Plaintiff has challenged the Government's standing several times and each time the Government claimed that the injury-in-fact "***would be***" the release of a sexually dangerous person into the community. "Would be" and "de facto" injuries are not synonymous but rather opposites to one another.

The fact is the Government has no claim of injury of any kind. They base their injury only on possible future events that may or may not every take place. Standing cannot be based on future events nor on the statute itself alone says the US Supreme Court. (See arguments at No. 3, Lack of judicial trial.)

Because the Government was without standing of any kind, the District Court did/does not have jurisdiction over this action. Thus, because the

judiciary is without subject-matter jurisdiction, Walsh Act candidates did not have a legitimate judicial trial. Element 3 has been shown.

The final result is that 18 USCS § 4248, *et seq*., is an unconstitutional bill of attainder/bill of pains and penalties in violation of Art. 1, § 9, clause 3 of the United States Constitution.

PRAYER

This Plaintiff has established de facto proof that 18 USCS § 4248, *et seq*., is unconstitutional on its face. Plaintiff prays this Court will declare 18 USCS § 4248, *et seq*., unconstitutional as a bill of attainder/bill of pains and penalties, its use be discontinued and repealed in law in its current form and execution. Plaintiff prays the Court order USAG Bondi to instruct the assistant attorney generals to move for dismissal of all Section 4248 cases, past and present, for these reasons, and cause the release of the 45+ detainees currently warehoused at FCI-1 Butner, NC, in the interest of fairness and justice, or what this Court deems fair and just.

OATH

I swear under penalty of perjury that all the information found in this Complaint is true and correct from actual personal knowledge and experience, so help me God.

Sworn to this 15th day of November, 2025.

James Dow Vandivere

James Dow Vandivere
Real Party in Interest
Pro Se Plaintiff

Noting

This matter before the court will set a presidence If Indeed "NO ONE IS ABOVE THE LAW"

Exhibit "A"

D.E.-1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Petitioner, | ) | |
| v. | ) | CERTIFICATION OF A SEXUALLY DANGEROUS PERSON AND PETITION |
| JAMES DOW VANDIVERE, Register Number 99078-011, Respondent. | ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby submits the attached Certification of a Sexually Dangerous Person pursuant to Title 18 U.S.C. § 4248(a).

Based on the above, the United States hereby petitions the Court to commit the Respondent to the custody of the Attorney General, pursuant to 18 U.S.C. § 4248(d).

Respectfully submitted, this 29th day of January, 2015.

THOMAS G. WALKER
United States Attorney

By: /s/ R. A. Renfer, Jr.
R. A. RENFER, JR.
Assistant U.S. Attorney
Attorney for Petitioner
Chief, Civil Division
310 New Bern Avenue
Suite 800, Federal Building
Raleigh, NC 27601-1461
Telephone: (919) 856-4530
Fax: (919) 856-4821
E-mail: rudy.renfer@usdoj.gov
N.C. Bar # 11201