UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES DOW VANDIVERE,<br><br>Plaintiff (*pro se*),<br><br>v.<br><br>TODD BLANCHE,<br>*in his official capacity as Acting Attorney General of the United States*,<br><br>Defendant. | Civil Action No. 25-4446 (JMC) |

**DEFENDANT'S MOTION TO DISMISS**
**AND MEMORANDUM IN SUPPORT THEREOF**

# TABLE OF CONTENTS


Table of Contents ..... i

Table of Authorities ..... ii

Introduction ..... 1

Background and Procedural History ..... 1

I. The Adam Walsh Child Protection and Safety Act, 18 U.S.C. § 4248. ..... 1

II. Plaintiff Vandivere's Certification as a Sexually Dangerous Person. ..... 2

III. Plaintiff's Previous Suit in the United States District Court for the District of Columbia. ..... 3

Legal Standard ..... 3

I. Rule 12(b)(1) ..... 3

II. Rule 12(b)(6) ..... 4

Argument ..... 4

I. Jurisdiction Is Lacking Because Plaintiff's Claims Are Barred by *Preiser*, *Heck*, and *Bourke*. ..... 4

II. Plaintiff Fails to State a Claim. ..... 5

A. Plaintiff Fails to Plausibly Plead a Constitutional Violation. ..... 5

B. The Supreme Court Has Held That § 4248 Is Constitutional. ..... 7

III. Plaintiff's Claim Is Precluded by Prior Adverse Judicial Decisions. ..... 7

Conclusion ..... 9

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Allen v. Illinois*,
478 U.S. 364 (1986) ... 7

*Allen v. McCurry*,
449 U.S. 90 (1980) ... 8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ... 5, 6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ... 6

*Bond v. Dep't of Just.*,
828 F. Supp. 2d 60 (D.D.C. 2011) ... 3

*Bourke v. Hawk-Sawyer*,
269 F.3d 1072 (D.C. Cir. 2001) ... 5

*Browning v. Clinton*,
292 F.3d 235 (D.C. Cir. 2002) ... 4

*Chatman-Bey v. Thornburgh*,
864 F.2d 804 (D.C. Cir. 1988) ... 5

*EEOC v. St. Francis Xavier Parochial Sch.*,
117 F.3d 621 (D.C. Cir. 1997) ... 6

*Gustave-Schmidt v. Chao*,
226 F. Supp. 2d 191 (D.D.C. 2002) ... 6

*Hardison v. Alexander*,
655 F.2d 1281 (D.C. Cir. 1981) ... 8

*Heck v. Humphrey,*
512 U.S. 477 (1994) ... 4

*In re Vandivere*,
625 Fed. App'x. 207 (4th Cir. 2015) ... 8

*Jones v. Horne*,
634 F.3d 588 (D.C. Cir. 2011) ... 4

*Kansas v. Hendricks*,
521 U.S. 346 (1997) ... 7

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994) ... 4

*Kowal v. MCI Commc'ns Corp.*,
16 F.3d 1271 (D.C. Cir. 1994) ... 4

*LaRoque v. Holder*,
650 F.3d 777 (D.C. Cir. 2011) ... 4

*McGee v. District of Columbia*,
646 F. Supp. 2d 115 (D.D.C. 2009) ... 8

*Novak v. World Bank*,
703 F.2d 1305 (D.C.Cir.1983) ... 8

*Papasan v. Allain*,
478 U.S. 265 (1986)....................................................................................................... 4
*Parklane Hosiery Co. v. Shore*,
439 U.S. 322 (1979)....................................................................................................... 8
*Preiser v. Rodriguez*,
411 U.S. 475 (1973)....................................................................................................... 4
*Rasul v. Bush*,
542 U.S. 466 (2005)....................................................................................................... 5
*Seling v. Young*,
531 U.S. 250 (2001)....................................................................................................... 7
*Shuler v. United States*,
531 F.3d 930 (D.C. Cir. 2008)....................................................................................... 4
*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998)......................................................................................................... 4
*Taylor v. Sturgell*,
553 U.S. 880 (2008)....................................................................................................... 9
*U.S. Postal Serv. v. Am. Postal Workers Union*,
553 F.3d 686 (D.C.Cir.2009)......................................................................................... 8
*U.S. v. Comstock*,
560 U.S. 126 (2010)................................................................................................. 1, 2, 7
*United States v. Thompson*,
No. 5:15-hc-2253-FL, 2016 U.S. Dist. LEXIS 87974 (E.D.N.C. July 7, 2016)........................ 7
*United States v. Vandivere*,
729 F. App'x 265 (4th Cir. 2018) ............................................................................... 3, 8
*Vandivere v. Lynch*,
279 F. Supp. 3d 20 (D.D.C. 2017) ................................................................................. 3
*White v. United States*,
791 F. Supp. 2d 156 (D.D.C. 2011) ............................................................................... 4

**Statutes**

18 U.S.C. § 2251(a) ........................................................................................................ 2
18 U.S.C. § 2252(a)(2)....................................................................................................... 2
18 U.S.C. § 2423(a) ..................................................................................................... 2, 3
18 U.S.C. § 4247(a)(5)....................................................................................................... 1
18 U.S.C. § 4247(e) .......................................................................................................... 2
18 U.S.C. § 4248........................................................................................................... i, 1
18 U.S.C. § 4248(a) ..................................................................................................... 1, 2
28 U.S.C. § 2241(c)(3)....................................................................................................... 5

**Rules**

Fed. R. Civ. P. 8(a)(2)....................................................................................................... 5
Fed. R. Civ. P. 8(d)(1)....................................................................................................... 5

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6), Todd Blanche, in his official capacity as Acting Attorney General of the United States, by and through undersigned counsel, respectfully moves to dismiss with prejudice the Complaint (ECF No. 1) filed by *pro se* Plaintiff James Dow Vandivere. The grounds for this motion are set forth below.

## INTRODUCTION

Plaintiff apparently is a former federal prisoner and current civil detainee committed to the Federal Bureau of Prisons ("BOP"). Plaintiff's claims are difficult to decipher, but he appears to allege that the 2006 Adam Walsh Child Protection and Safety Act, 18 U.S.C. § 4248, is an unconstitutional bill of attainder. *See generally* Compl. (ECF No. 1).

As explained below, this Court lacks subject matter jurisdiction and Plaintiff fails to state a claim upon which relief may be granted. First and foremost, the Supreme Court has determined that the statutory scheme at issue in this matter is constitutional. Second, Plaintiff's exclusive remedy is habeas in federal district court in North Carolina. Third, collateral estoppel (issue preclusion) bars Plaintiff's claims.

## BACKGROUND AND PROCEDURAL HISTORY

### I. <u>The Adam Walsh Child Protection and Safety Act, 18 U.S.C. § 4248.</u>

The Adam Walsh Child Protection and Safety Act, 18 U.S.C. § 4248 ("§ 4248"), was enacted in 2006 and provides that a "sexually dangerous person" may be civilly committed in a federal institution for care and treatment following the expiration of his federal prison sentence. 18 U.S.C. § 4248(a); *see also U.S. v. Comstock*, 560 U.S. 126, 129 (2010) (upholding the constitutionality of § 4248). A sexually dangerous person is defined as one "who has engaged or attempted to engage in sexually violent conduct or child molestation and who is sexually dangerous to others." 18 U.S.C. § 4247(a)(5).

To initiate a civil commitment proceeding under § 4248, the Attorney General, his designee, or the Director of BOP files a certificate in the United States district court asserting that the person is "sexually dangerous" under the provisions of the Act. 18 U.S.C. § 4248(a). This filing stays the inmate's release from custody pending a mandatory hearing before the district court. *Id.* "If, after the hearing, the court finds by clear and convincing evidence that the person is a sexually dangerous person, the court shall commit the person to the custody of the Attorney General." *Id.* The committing court then orders ongoing psychiatric evaluation and provides judicial review, including review at the request of the committed person or his legal guardian. *Id.* § 4247(e), (h). The statute expressly preserves the right to habeas corpus. *Id.* § 4247(g).

The Supreme Court has held that § 4248 is constitutional. *Comstock*, 560 U.S. at 136. Specifically, it held that federal law allows a district court to order the civil commitment of a mentally ill, sexually dangerous prisoner beyond the date he would otherwise be released, and that the Necessary and Proper Clause granted Congress authority sufficient to enact the statute. *Id.* at 130-133.

## II. <u>Plaintiff Vandivere's Certification as a Sexually Dangerous Person.</u>

Vandivere is detained at the Federal Correctional Institution in Butner, North Carolina ("FCI Butner").[1] On August 10, 1999, Vandivere was convicted of: (1) two counts of 18 U.S.C. § 2251(a), Sexual Exploitation of Children; (2) one count of 18 U.S.C. § 2252(a)(2), certain activities relating to material involving the sexual exploitation of children; and (3) one count of 18 U.S.C. § 2423(a), Transportation of Minor with Intent to Engage in Criminal Sexual Activity. He was

---

[1] The mailing envelope attached to the Complaint indicates that the Plaintiff is detained at the Federal Correctional Complex in Butner, North Carolina. ECF No. 1-1. That is consistent with the information on the BOP's inmate locator website. See https://www.bop.gov/inmateloc/ (last visited May 14, 2026).

sentenced to 235 months of imprisonment followed by three years of supervised release. His term of imprisonment ended on July 15, 2015. *See Vandivere v. Lynch*, Civ. A. No. 16-1594 (TSC) (D.D.C. Oct. 24, 2016), Mem. Op. (ECF No. 28) at 4.

On January 29, 2015, Vandivere was certified as a sexually dangerous person in the District Court for the Eastern District of North Carolina. *See U.S. v. Vandivere*, 5:15-hc-02017 (E.D.N.C. Jan. 29, 2015) (ECF No. 1). On November 16, 2016, the District Court found that "[T]he United States has proven that Vandivere is a sexually dangerous person as defined in the Adam Walsh Act." *Id.*, ECF No. 103. Vandivere appealed to the Fourth Circuit, which affirmed the District Court. *United States v. Vandivere*, 729 F. App'x 265 (4th Cir. 2018).

## III. **Plaintiff's Previous Suit in the United States District Court for the District of Columbia.**

Plaintiff previously filed suit in the District Court for the District of Columbia with similar claims, including a challenge to the constitutionality of § 4248. That case was dismissed. *Vandivere v. Lynch*, 279 F. Supp. 3d 20, 26 (D.D.C. 2017) ("Plaintiff[] [Vandivere is] collaterally estopped from bringing this action… Plaintiff had a full and fair opportunity to prove that he is not a sexually dangerous person. Plaintiff['s] efforts failed, and [he] should not be permitted to retry the merits of [his] civil commitment in this lawsuit"); *aff'd,* No. 17-5211, 2018 U.S. App. LEXIS 7285 (D.C. Cir. Mar. 19, 2018).

## LEGAL STANDARD

## I. **Rule 12(b)(1)**

Rule 12(b)(1) addresses a court's subject matter jurisdiction to adjudicate a case. "Because this inquiry deals with a court's power to hear a plaintiff's claim, a Rule 12(b)(1) motion imposes on the Court an affirmative obligation to ensure that it is acting within the scope of its authority." *Bond v. Dep't of Just.*, 828 F. Supp. 2d 60, 69 (D.D.C. 2011). "Federal courts are courts of limited

jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction[.]" *Id.* In response to a Rule 12(b)(1) motion, the plaintiff must establish that the court has subject-matter jurisdiction over the claims in the complaint. *Shuler v. United States*, 531 F.3d 930, 932 (D.C. Cir. 2008); *White v. United States*, 791 F. Supp. 2d 156, 159 (D.D.C. 2011). If the plaintiff is unable to do so, the Court must dismiss the action. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citation omitted).

## II. Rule 12(b)(6)

A motion to dismiss a complaint under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). When considering a Rule 12(b)(6) motion for failure to state a claim, the court "must accept as true all material allegations of the complaint, drawing all reasonable inferences from those allegations in plaintiffs' favor." *LaRoque v. Holder*, 650 F.3d 777, 785 (D.C. Cir. 2011) (internal quotation marks omitted). "However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). To survive a motion to dismiss, a complaint must "suggest a 'plausible' scenario that shows that the pleader is entitled to relief." *Jones v. Horne*, 634 F.3d 588, 595 (D.C. Cir. 2011) (internal quotation marks omitted).

# ARGUMENT

## I. Jurisdiction Is Lacking Because Plaintiff's Claims Are Barred by *Preiser*, *Heck*, and *Bourke*.

Because Plaintiff seeks release from civil commitment (Compl., ECF No. 1 at 15), a habeas action in North Carolina is his exclusive remedy. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Heck v. Humphrey,* 512 U.S. 477, 481 (1994) ("habeas corpus is the exclusive remedy for

a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release"); and *Bourke v. Hawk-Sawyer*, 269 F.3d 1072, 1074 (D.C. Cir. 2001) ("habeas is the exclusive remedy for a federal prisoner bringing any claim that would have a 'probabilistic impact' upon the duration of his custody").

Plaintiff apparently believes his civil incarceration is unconstitutional. A person who is "in custody in violation of the Constitution or laws or treaties of the United States" may petition for a writ of habeas corpus in district court. 28 U.S.C. § 2241(c)(3); *see Rasul v. Bush*, 542 U.S. 466 (2005) ("§ 2241 confers…jurisdiction to hear petitioners' habeas corpus challenges to the legality of their detention at the Guantanamo Bay Naval Base"); *Chatman-Bey v. Thornburgh*, 864 F.2d 804 (D.C. Cir. 1988) (a federal prisoner's attack on the "fact or duration" of his confinement is relegated to § 2241 habeas relief, which must be brought in the federal district of incarceration). Given Plaintiff's challenge to the constitutionality of his confinement, his claims should be brought under habeas in the appropriate jurisdiction, and this action should be dismissed pursuant to Rule 12(b)(1).

## II. Plaintiff Fails to State a Claim.

### A. Plaintiff Fails to Plausibly Plead a Constitutional Violation.

Plaintiff's Complaint fails to put forth facts sufficient to support his claims – in fact, the Complaint contains no factual allegations at all. Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d) provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Although Rule 8 does not require detailed factual allegations, it does require more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and internal quotation marks omitted).

To comply with the requirements of Rule 8(a)(2) and survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient facts, which are accepted as true, that state a plausible claim to relief. *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged unlawful conduct. *Id.* There must be more than a "sheer possibility" that the defendant committed the misconduct. *Id.* (citations omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citations omitted) (internal quotation marks omitted). A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" (*id.*, quoting *Twombly*, 550 U.S. at 555), and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. In ruling upon a motion to dismiss, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

The Supreme Court has set out a two-pronged approach for evaluating whether a Complaint has plausibly stated a claim. *Iqbal*, 556 U.S. at 678-79. First, the reviewing court may identify those statements in a complaint that are actually conclusions, even if presented as factual allegations. *Id*. Unlike factual allegations, such conclusory statements are not entitled to an assumption of truth. *Id*. Second, the reviewing court presumes the truth of any remaining "well-pleaded factual allegations," and determines whether these factual allegations and reasonable inferences from them plausibly support a claim for relief. *Id.*

Here, Plaintiff fails to meet the requirements of Rules 8 and 12(b)(6) because there is a dearth of any factual allegations. His Complaint simply asserts that § 4248 is unconstitutional and that he and other individuals detained under § 4248 should be released. *See generally Compl.* (ECF No. 1). In lieu of facts, the Complaint is a series of conclusory statements. After identifying Plaintiff's conclusory allegations and then disregarding them according to *Iqbal*, no factual allegations remain. Consequently, the Complaint should be dismissed for this additional reason.

**B. The Supreme Court Has Held That § 4248 Is Constitutional.**

In addition to the pleading defects set forth above, it would be futile to permit Plaintiff to amend the Complaint because the Supreme Court already has upheld the constitutionality of § 4248, the civil commitment scheme at issue. *See Comstock*, 560 U.S. at 136. Similarly, it has upheld analogous State civil commitment statutes against challenges under the Due Process and Ex Post Facto Clauses. *See Kansas v. Hendricks*, 521 U.S. 346 (1997) (Kansas's Sexually Violent Predator Act is civil in nature and contained due process provisions); *Seling v. Young*, 531 U.S. 250 (2001) (Washington civil commitment statute for sexual predators is civil in nature and precludes Double Jeopardy and Ex Post Facto challenges); *Allen v. Illinois*, 478 U.S. 364 (1986) (proceedings under Illinois Sexually Dangerous Persons Act are not "criminal" within the meaning of the Fifth Amendment's guarantee against self-incrimination). Other district courts have denied challenges to the constitutionality of § 4248 as frivolous. *See, e.g., United States v. Thompson*, No. 5:15-hc-2253-FL, 2016 U.S. Dist. LEXIS 87974 (E.D.N.C. July 7, 2016). Given the constitutionality of the statutory scheme at issue, Plaintiff's complaint fails to state a claim on which relief may be granted.

**III. <u>Plaintiff's Claim Is Precluded by Prior Adverse Judicial Decisions.</u>**

Plaintiff has had a full opportunity to challenge his civil confinement in proceedings in federal court in North Carolina, and is collaterally estopped from filing suit in this Court. Collateral

estoppel is used to protect parties against the expenses and the "vexation" of attending to multiple frivolous lawsuits and relitigating identical issues. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 328 (1979). "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *U.S. Postal Serv. v. Am. Postal Workers Union*, 553 F.3d 686, 696 (D.C.Cir.2009) (quoting *Novak v. World Bank*, 703 F.2d 1305, 1309 (D.C.Cir.1983)). The purpose of the doctrine is to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and… prevent serial forum-shopping and piecemeal litigation." *McGee v. District of Columbia*, 646 F. Supp. 2d 115, 123 (D.D.C. 2009) (quoting *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981)). The only exception is if the party against whom the earlier decision is asserted did not have a "full and fair opportunity" to litigate the issue in the earlier case. *Id*. (citing *Allen v. McCurry*, 449 U.S. 90, 95 (1980)).

Plaintiff had full and fair opportunities to challenge the constitutionality of § 4248 in the course of his commitment proceedings, and has done so. Plaintiff sought mandamus relief from the Fourth Circuit, seeking an order directing the district court to discharge him from detention and to provide proof of jurisdiction in his civil commitment proceeding. *In re Vandivere*, 625 Fed. App'x. 207 (4th Cir. 2015). The Fourth Circuit considered and ruled upon his motion, denying it. *Id*. Further, Vandivere filed motions to dismiss his commitment proceedings with the Eastern District of North Carolina. Each motion was considered and ruled upon. *United States v. Vandivere*, 5:15-hc-02017 (E.D.N.C. July 18, 2016), Order (ECF No. 92).

Plaintiff, moreover, challenged the constitutionality of § 4248 in a prior lawsuit before this Court. *See Vandivere v. Lynch*, Civ. A. No. 16-1594 (TSC) (D.D.C. Oct. 24, 2016), Mem. Op.

(ECF No. 28) at 4. The Court dismissed that case on the basis of collateral estoppel because Plaintiff previously litigated the constitutionality of the Act and had a "full and fair opportunity" in prior proceedings "to prove that he is not a sexually dangerous person." *Id.* at 10-11.[2]

Thus, Plaintiff's challenges to § 4248 have been heard and rejected in multiple forums. He is therefore precluded from re-litigating that issue again here. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

**CONCLUSION**

For the foregoing reasons, the Court should dismiss Plaintiff's Complaint with prejudice.

Dated: May 14, 2026
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Samuel G. Settle*
SAMUEL G. SETTLE
Assistant United States Attorney
601 D Street, N.W.
Washington, DC 20530
(202) 252-7705
samuel.settle@usdoj.gov

*Attorneys for the United States of America*

[2] The district court's decision was affirmed on appeal, albeit on other grounds. *Vandivere v. Lynch*, No. 17-5211 (D.C. Cir.), Order (Mar. 19, 2018) ("Because appellants did not allege the violation of any 'clearly established' statutory or constitutional rights, the district court correctly determined that qualified immunity shielded appellees from liability.")