25cv4446 JMC

EXHIBIT "A"

PLAINTIFF'S AMENDMENT TO HIS RESPONSE
TO DEFENDANT'S MOTION FOR DISMISSAL

11) Defendants Motion to Dismiss should be dismissed as untimely. See below:

a) Defandant's Motion to dismiss was not untimely because it was too late, it was untimely because it was too early.

b) Defense Counsel submitted their Motion to Dismiss (A.K.A. "dispositive motion") on May 14, 2026. This was Defendants first pleading. (D.E. 17 & 17-1) advancing a host of affirmative defenses, 9+ pages total.

c) This Motion ignored F.Civ.R. 8(b)(1)(A) entirely which states;

Rule 8(b)(1) "In General. In responding to a pleading (i.e. Complaint) , a party must: (emphasis added)

(A) State in short and plain terms its defenses to each claim asserted against it; and

(B) admit or deny the allegations asserted against it by an opposing party.(Plaintiff)

d) The Defendant offered no defenses to any of the allegations -but- rather proffered procedeural attacks on Plaintiff's Complaint under F.Civ.R. 8(c), violating the Rule.

LEGAL STANDARD

The D.C. Court of Appeals has set standards for situations like this:

i) "affirmative defenses must be raised in a responsive pleading, not a dispositive motion." (emphasis added)

Quoting: Harris v Sec'y, U.S. Dept. of Veterans Affairs, 126 F. 3d 339,341, 326 U.S. App. D.C. 362 (D.C.Cir 1997).

Other quotes from the Harris decision are:

ii) "Rule 8(c) means what it says: affirmative defenses must be raised in a responsive pleading not a dispositive [redacted] motion". Id 341 (emphasis added):

iii) "This requirement permits the parties to chart the course of litigation in advance of discovery and motions theron." Id 341 (emphasis added)

See also: Smith-Hayne v Dist. of Columbia, 155 F3d 575,578 (D.C.Cir. 1998) "An affirmative defense not raised by [redacted] by answer cannot be raised in dispositive motions that are filed post-answer."

RECEIVED
JUL 20 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

ARGUMENT

The defendants waived all their affirmative defenses by failing to plead any of them in an answer to the complaint first, before filing their Motion to Dismiss.

Because defendants did not raise the defenses in a responsive pleading first, as described in F.Civ.R. 8(b)(1)(A) and did not move the District Court for leave to amend its answer under F.Civ.R 15(a), the court should not, without more, consider the Defendants affirmative Defenses in their Motion to Dismiss & Memorandum.

Plaintiff believes the defendants have forfeited & waived all their affirmative defenses by failing to heed the Harris standards set forth by the D.C. Court of Appeals, that defendants proffered in their Motion to Dismiss and the court should disregard their Motion for un-timeliness.

> "An affirmative defense once forfeited is excluded from the case."

Quoting: Wood v Milyard,566 U.S. 463,470 (2012)

CONCLUSION

Please refer to PRAYER, page 8 of Plaintiff's Response to Defendants Motion to Dismiss and Memorandum in Support thereof.

James D Vandever