UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES DOW VANDIVERE,

Plaintiff (*pro se*),

v.

TODD BLANCHE,
*in his official capacity as Acting Attorney General of the United States*,

Defendant.

Civil Action No. 25-4446 (JMC)

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

AUG 10 2026

RECEIVED

PLAINTIFFS' RESPONSE TO
DEFENDANTS' REPLY IN
FURTHER SUPPORT OF HIS
MOTION TO DISMISS

INTRODUCTION

Plaintiff submits this paper to avoid chances of misunderstanding any of his counter arguments to Defendants' Motion to Dismiss. Will address in the same order as Defendants' Reply in Further Support of his Motion to Dismiss.

I. Defendants claim: "The Constitutionality of §4248 is settled."

a. This claim is addressed in (D.E.15,pg.3@ argument)

b. Defendants' point out Plaintiff "ignores the reminder of Defendants' Motion" (claim)

c. Defendants' are correct. Plaintiff ignoredthe rest of their claim because there is no comparison between Defendants arguments and this case at bar. None of the cases presented challenging the Statute(s) as being a Bill of Attainder prohibited by the Constitution. Except for the Thompson case. That case was summarily denied as frivolous. Merits <u>were not</u> addressed. Defendants' claim is without merit.

II. Defendants' claim: "Plaintiffs' claim is precluded by prior judicial decisions.

a. This claim is addressed fully in his D.E.15 response. Defendants' claim is without merit.

III. Defendants' claim combines 2 arguments. Plaintiff will address as Argument 'A' and Argument 'B'.

Argument 'A' - preclusion - is fully addressed in plaintiffs' response. See: D.E.15 @ pg. 4.

Argument 'B' - Subject Matter Jurisdiction - is addressed in Plaintiffs' response - See: D.E.15, pg4 @ 4.

Noting: Defendant offers no case history to support this Argument. Both arguments are without merit.

IV. Defendants' claim: "A habeas action in North Carolina is Plaintiffs' exclusive remedy."

a. Defendants' argue "plaintiff believes his Civil incarceration is unconstitutional and that habeas action is the only remedy.

ARGUMENT

Plaintiffs' arguments are not that his incarceration is unconstitutional but rather his incarceration is illegal. His confinement is unlawful because the confinement was caused by a illegitimate Statute (§4248), which proffered a illegitimate complaint by a illegitimate Plaintiff, who could not show standing, placed before a illegitimate court with usurped, hypothetical Subject Matter Jurisdiction. Then holding a illegitimate hearing, then handing down a illegitimate finding, placing plaintiff into the care and custody of the U.S.A.G. (Defendant) indefinitely.

LAW

It is clear "Federal Courts are counts of limited jurisdiction." (Quoting: Kokkonen v Guardian, 511 U.S. 375, 377 (1994) "It is to be presumed that a cause lies outside this limited jurisdiction." Id. (See also: Steel Co., 523 U.S. 83)

"[I]f the laws are unconstitutional and void, and is as no law." "An offense created by it is not merely erroneous, but is "Illegal" and "Void" and cannot be a " "legal" cause of imprisonment." (Quoting: Ex Parte Siebold, 100 U.S. 371, J. Bradley, Mar. 8, 1880. (Emphasis Added)

Noting: Plaintiffs' cause of action goes for beyond a claim of unconstitutional incarceration. Plaintiff attacks the legality of the statute, the 4248 Plaintiffs' standing, the Courts jurisdiction and the confinement.

CONCLUSION

A. Plaintiff believes he is entitled to be heard and to have his claims addressed like any other U.S. Citizen;

B. Plaintiff has proffered most of these claims since 2014. Not once has any court addressed his claims, but rather summarily dismissed or denied them;

C. Plaintiff is not seeking an 'Order for Release' from this court in this matter;

D. Plaintiff is asking the court to declare §4248 meets the 3 elements defining a Bill of Attainder (B.O.A.) as shown in plaintiffs' pleadings;

E. Once the court makes this finding, plaintiff prays the court will;

1. ORDER Defendants and his subordinates to stand down pursuing all active

and/or new 4248 actions and move the 4248 Courts to Dismiss those actions, for lack of willingness to pursue by the U.S.A.G.s office or however this court might word it, in the interest of fairness and justice, to bring 4248 actions to its end;

F. Plaintiff is praying the court will apply most of Defendants' proceedural arguments towards Plaintiffs' complaint exhibits "1" and "2" and compare their arguments to the exhibits;

G. Should the court conclude Exhibit "A" does not comply with well established guidelines of an opening brief, then add that to the first two elements of a B.O.A. (a.k.a. Pains & Penalties), then the end result would be 18 U.S.C. §4248 et. seg. IS an unconstitutional B.O.A. prohibited by Art. 1, §9, cl. 3 of the Constitution. (See opening complaint for more details.)

H. Defendants' have been silent in regards to the actual issues.

   a) "Silence is admission and they are bound by the implication." Quoting: Cheever v Wilson, 19 LED 604 9 Wall 108, J Swayne, @ 9 Wall 122.

I. There is nothing Defendants' can say to justify Plaintiffs' Complaint Exhibit "A" or defend against Plaintiffs' claims;

J. Plaintiff is not challenging the finding of the Walsh (4248) District Court. Plaintiff is challenging the Statute leading to an entirely illegitimate loss of liberity;

K. Plaintiff believes any party presenting a paper to the court has the duty to investigate statements made in it. Before signing and presenting a paper to the court, the signer must conduct a reasonable investigation of the facts stated in the paper and the law on which the paper is based.

   a) It is clear Defendant's counsel has failed to do so.

Submitted this 3rd day of August, 2026.

Respectfully Submitted,

James D. Vandivere

James D. Vandivere
Reg. No. 99078-011
F.C.I. Butner-1
P.O. Box 1000
Butner, N.C. 27509

CERTIFICATE OF SERVICE

I certify that on August 3rd, 2026, I caused a copy of the attached pleading to be mailed to Defendant via First Class U.S. Mail at:

Samuel G. Settle
A.U.S.A.
601 D Street, N.W.
Washington, D.C. 20530

James D. Vandivere
Plaintiff In Pro se